UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| SANDRA FORBUS, individually and on behalf of all others similarly situated, | : : : | Case No.: |
| Plaintiff, | : : | **CLASS ACTION COMPLAINT** |
| -against- | : : : | **JURY TRIAL DEMANDED** |
| THE LAUNDRESS, LLC and CONOPCO, INC. d/b/a UNILEVER HOME & PERSONAL CARE USA, | : : : : | |
| Defendants. | : : | |

-------------------------------------------------------------x

Plaintiff Sandra Forbus, individually and on behalf of all others similarly situated, by her attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

## NATURE OF THE ACTION

1.      Defendants The Laundress, LLC ("The Laundress") and Defendant Conopco, Inc. d/b/a Unilever Home & Personal Care USA. ("Conopco", and collectively with The Laundress, "Defendants") manufacturer and sell high-end cleaning products, including detergents, household cleaning solutions, and shampoos. The Laundress started almost 20 years ago in New York and pitches itself as a luxurious, fashionable alternative to grocery store cleaning brands. The Laundress sells its products through high-end retail stores, department stores, boutiques, and through its own website.

2.      Consumers, such as Plaintiff and the proposed Class, trusted the brand as safe and effective for cleaning their household, their laundry, and themselves, including their children.

3.      In 2019, Unilever acquired The Laundress and its product lines. Recently, however, it was revealed that The Laundress products were contaminated with harmful bacteria, including "*Pseudomonas*", since 2019. The Laundress has admitted that it was aware of reports of consumers who had reported bacterial infections after using the Laundress Products.

4.      In December 2022 the United States Consumer Product Safety Commission announced that approximately 8 million The Laundress laundry detergent and cleaning products "can contain bacteria, including *Burkholderia cepacian* complex, *Klebsiella aerogenes* and multiple different species of *Psuedomonas*…. People with weakened immune systems, external medical devices, and underlying lung conditions who are exposed to the bacteria face a risk of serious infection that may require medical treatment." https://www.cpsc.gov/Recalls/2023/The-Laundress-Recalls-Laundry-Detergent-and-Household-Cleaning-Products-Due-to-Risk-of-Exposure-to-Bacteria (accessed December 14, 2022).

5.      This action seeks to remedy Defendants' deceptive and misleading business practices in manufacturing, marketing, and selling contaminated The Laundress products (the "Products")[1] throughout the country.

6.      Defendants have improperly, deceptively, and misleadingly labeled and marketed the Laundress to reasonable consumers, like Plaintiff and the Class, by omitting and not disclosing to consumers on the packaging that the Products were contaminated with bacteria that increases the risk of injury to consumers and their families.

7.      Plaintiff and the Class Members relied on Defendants' misrepresentations and omissions about the safety of the Products and their ingredients before purchasing them.

---

[1] The Products include those listed on the following web site:
https://www.thelaundressrecall.com/_files/ugd/b51df1_730f72b3535e49cdad3ac8f4c2d895c7.pdf

8.      Plaintiff and Class Members lost the entire benefit of their bargain when Defendants delivered a Product contaminated with bacteria that is harmful to consumers' health.

9.      Alternatively, Plaintiff and Class Members paid a price premium for the Products based upon Defendants' health-conscious marketing and advertising campaign, including Defendants' false and misleading representations and omissions on the Products' labels.  Given that Plaintiff and Class Members paid a premium for the Products, Plaintiff and Class Members were damaged in the amount of the premium paid.

10.     Defendants' conduct violated and continues to violate, *inter alia*, New York General Business Law §§349 and 350.

11.     Plaintiff brings this action against Defendants on behalf of herself and Class Members who purchased the Products during the applicable statute of limitations period (the "Class Period").

### PARTIES

#### Plaintiff

12.     Plaintiff Sandra Forbus is a citizen and resident of Mobile, Alabama. During the applicable statute of limitations period, Plaintiff Forbus purchased and used Defendants' Products that Defendants have identified as containing bacteria. In purchasing and using Defendants' Products, Plaintiff Forbus relied upon Defendants' representations and Defendants' failure to disclose that the Products contained bacteria.

13.     Had Defendants not made the false, misleading, and deceptive representations and omissions regarding the Products and their contents, Plaintiff would not have bought the Products. Plaintiff purchased, purchased more of, and/or paid more for, the Products than she would have paid had Defendants disclosed the truth about the Products.

14.     The Products Plaintiff received were worthless because they contained the known harmful bacteria.  Alternatively, Plaintiff paid a price premium based on Defendants' false, misleading, and deceptive misrepresentations and omissions.

**Defendants**

15.     Defendant, The Laundress, LLC is a Delaware LLC with its principal place of business in New York, New York.

16.     Conopco, Inc. d/b/a Unilever Home & Personal Care USA is a New York corporation with its principal place of business located at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. Conopco is an affiliate of the Unilever Group and, upon information and belief, Conopco manufactures, markets, designs, promotes, and/or distributes The Laundress Products in New York and throughout the United States. Conopco and Unilever acquired The Laundress in or about 2019 when, upon information and belief, the Products were first contaminated with bacteria.

17.     Defendants manufactured, marketed, advertised, and distributed the Products in this District and throughout the United States. Defendants created and/or authorized the false, misleading, and deceptive advertisements, packaging, and labeling of their Products.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section §1332(d) in that (1) this is a class action involving more than 100 class members; (2) Plaintiff Forbus is a citizen of Alabama, Defendant The Laundress, LLC is a citizen of New York, Defendant Conopco is a citizen of New Jersey and/or New York; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

19.     This Court has personal jurisdiction over Defendants because Defendants conduct and transact business in the state of New York, contract to supply goods within the state of New

York, and supply goods within the state of New York. Many of the members of the proposed

Class are citizens of different states than Defendants.

20.     Venue is proper because Defendants and many Class Members reside in the

Southern District of New York, and throughout the state of New York.  A substantial part of the

events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

21.     Defendants manufacture, market, advertise, and sell laundry and home cleaning

products.

22.     Consumers like Plaintiff and the Class have become increasingly concerned about

the effects of ingredients in products that they inhale or touch.  Companies such as Defendants

have capitalized on consumers' desire for cleaning products, and indeed, consumers are willing

to pay, and have paid, a premium for these products.

23.     Consumers lack the meaningful ability to test or independently ascertain or verify

whether a product contains unsafe substances, such as bacteria and therefore must, and do, rely

on Defendants to truthfully and honestly report on the Products' packaging or labels what the

Products contain or are at risk of containing.

24.     The Products' packaging does not identify bacteria, including *Pseudomonas

aeruginosa*, as an ingredient in the Products.   Indeed, bacteria, including *Pseudomonas

aeruginosa*, is not listed in the ingredients section, nor is there any warning about the inclusion

(or even potential inclusion) of bacteria in the Products.  This leads reasonable consumers to

believe the Products do not contain and are not at risk of containing dangerous bacteria.

25.     Consequently, consumers, like Plaintiff and Class Members, are at risk by using Defendants' Products because the Products contain bacteria but are used to clean surfaces, which allows the bacteria to infect individuals either through the air or through touching the bacteria.

26.     As a result of the contamination of Defendants' Products, Defendant The Laundress published a Safety Notice on its website imploring consumers "to stop using all The Laundress Products."

27.     Defendants are in the unique and superior position of knowing the ingredients and raw materials used to manufacture the Products and possess unique and superior knowledge regarding the manufacturing process of the Products, the manufacturing process of the ingredients and raw materials the Products contain, and the risks associated with those processes, such as the risk of bacterial contamination.

28.     Accordingly, Defendants possess superior knowledge regarding the risks involved in producing, manufacturing, and selling the Products.  Such knowledge is not readily available to consumers like Plaintiff and the Class Members.

29.     Defendants have a duty to provide consumers, like Plaintiff and Class Members, with accurate information about the contents of the Products.

30.     Defendants' false, misleading, and deceptive omissions regarding the Products containing bacteria are likely to continue to deceive and mislead reasonable consumers and the public, as they have already deceived and misled Plaintiff and the Class Members.

31.     Defendants' misrepresentations and omissions were material and intentional because people are concerned with the ingredients in products that they inhale and touch. Consumers such as Plaintiff and the Class Members are influenced by Defendants' marketing and advertising campaign, the Products' labels, and the listed ingredients.  Defendants know that

if they had disclosed that the Products contained bacteria, then Plaintiff and the Class would not have purchased the Products at all.

32.     Through their deceptive advertising and labeling, Defendants have violated, *inter alia*, NY General Business Law § 392-b by: a) putting upon an article of merchandise, bottle, wrapper, package, label, or other thing containing or covering such an article, or with which such an article is intended to be sold, or is sold, a false description or other indication of or respecting the kind of such article or any part thereof; and b) selling or offering for sale an article which, to its knowledge, is falsely described or indicated upon any such package or vessel containing the same, or label thereupon, in any of the particulars specified.

33.     Consumers rely on marketing and information by Defendants in making purchasing decisions.

34.     By omitting to disclose that the Products contain bacteria throughout the Class Period, Defendants know that those omissions are material to consumers since consumers would not purchase cleaning materials containing a harmful bacteria.

35.     Defendants' deceptive representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchasing decisions.

36.     Plaintiff and the Class Members reasonably relied to their detriment on Defendants' misleading representations and omissions.

37.     Defendants' false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled Plaintiff and the Class Members.

38.     In making the false, misleading, and deceptive representations and omissions

7

described herein, Defendants knew and intended that consumers would pay a premium for the Laundress products.

39.     As an immediate, direct, and proximate result of Defendants' false, misleading, and deceptive representations and omissions, Defendants injured Plaintiff and the Class Members in that Plaintiff and the Class:

      a.   Paid for Products that were not what Defendants represented;

      b.   Paid a premium price for Products that were not what Defendants represented;

      c.   Were deprived of the benefit of the bargain because the Products they purchased were different from what Defendants warranted; and

      d.   Were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendants represented.

40.     Had Defendants not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class Members would not have been willing to pay the same amount for the Products they purchased and, consequently, Plaintiff and the Class Members would not have been willing to purchase the Products.

41.     Plaintiff and the Class Members paid for Products that do not contain bacteria. Since the Products do indeed contain harmful bacteria, the Products Plaintiff and the Class Members received were worth less than the Products for which they paid.

42.      Plaintiff and the Class Members all paid money for the Products; however, Plaintiff and the Class Members did not obtain the full value of the advertised Products due to Defendants' misrepresentations and omissions.  Plaintiff and the Class Members purchased, purchased more of, and/or paid more for, the Products than they would have had they known the truth about the Products.  Consequently, Plaintiff and the Class Members have suffered injury in fact and lost money as a result of Defendants' wrongful conduct.

43.    Plaintiff and Class Members read and relied on Defendants' representations about the benefits of using the Products, and purchased Defendants' Products based thereon. Had Plaintiff and Class Members known the truth about the Products, *i.e.*, that the Products contain a harmful bacteria, Plaintiff and the Class would not have been willing to purchase the Products at any price, or, at minimum would have paid less for the Products.

## CLASS ALLEGATIONS

44.    Plaintiff brings these claims on behalf of herself and those similarly situated. As detailed in this Complaint, Defendants orchestrated deceptive marketing and labeling practices that have injured Plaintiff and the Class. Defendants' customers were uniformly impacted by and exposed to this misconduct. Accordingly, this Complaint is uniquely situated for class-wide resolution.

45.    The Class is defined as all consumers who purchased the Products anywhere in the United States during the Class Period.

46.    The Class is properly brought and should be maintained as a class action under Rule 23(a), as satisfying the prerequisites of numerosity, commonality, typicality, and adequacy.

47.    <u>Numerosity</u>:  Class Members are so numerous that joinder of  a ll members is impracticable.  Plaintiff believes that there are thousands of consumers in the Class who have been damaged by Defendants' deceptive and misleading practices.

48.    <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include:

        a. Whether Defendants were responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

b. Whether Defendants' misconduct set forth in this Complaint demonstrates that Defendants have engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of their Products;

c. Whether Defendants made false and/or misleading statements and omissions to the Class and the public concerning the contents of the Products;

d. Whether Defendants' false and misleading statements and omissions concerning the Products were likely to deceive the public;

e. Whether Plaintiff and the Class are entitled to money damages for the claims asserted in this Complaint.

49.    Typicality: Plaintiff is a member of the Class.  Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was subject to the same deceptive, misleading conduct concerning Defendants' Products.

50.    Adequacy: Plaintiff is an adequate representative of the Class she seeks to represent. Plaintiff's interests do not conflict with the interests of the Class Members she seeks to represent. Plaintiff's claims are common to the members of the Class she seeks to represent. Plaintiff has a strong interest in vindicating her rights, has retained counsel competent and experienced in complex class action litigation, and Plaintiff's counsel intends to vigorously prosecute this action.

51.    Predominance: Pursuant to Rule 23(b)(3), common issues of law and fact identified above predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issues because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' conduct.

52.   <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.   The joinder of hundreds or thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.   The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claims, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

c.   When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.   This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.   Plaintiff knows of no difficulty to be encountered in managing this action that would preclude its maintenance as a class action;

f.   This class action will assure uniformity of decisions among Class Members;

g.   The Class is readily definable and prosecuting this action as a class action will eliminate the possibility of repetitious litigation;

h.   Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by a single class action; and

i.   It would be desirable to concentrate in this single venue the litigation of all Class Members who were induced by Defendants' uniform conduct to purchase and use Defendants' Products.

53.   Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

**CLAIMS**

**FIRST CAUSE OF ACTION**
**VIOLATION OF NEW YORK GBL § 349**
**(On Behalf of Plaintiff and the Class)**

54.   Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55.   New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

56.   Defendants' conduct alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the Class Members seek monetary damages against Defendants, enjoining Defendants from inaccurately describing, labeling, marketing, and promoting the Products.

57.   There is no adequate remedy at law.

58.   Defendants misleadingly, inaccurately, and deceptively advertise and market their Products to consumers.

59.   Defendants' improper consumer-oriented conduct - including failing to disclose

that the Products contain harmful bacteria – is misleading in a material way in that it, *inter alia*, induced Plaintiff and the Class Members to purchase Defendants' Products and to use the Products when they otherwise would not have.  Defendants made the untrue and/or misleading statements and omissions willfully, wantonly, and with reckless disregard for the truth.

60.    Plaintiff and the Class Members have been damaged and injured because they purchased Products that were mislabeled, unhealthy, and entirely worthless.  Accordingly, Plaintiff and the Class Members received less than that for which they bargained and paid.

61.    Defendants' advertising and the Products' packaging and labeling induced Plaintiff and the Class Members to buy Defendants' Products.

62.    Defendants' deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a), and Plaintiff and the Class Members have been damaged thereby.

63.    As a result of Defendants' recurring, "unlawful" deceptive acts and practices, Plaintiff and the Class Members are entitled to monetary, statutory, compensatory, treble and punitive damages, restitution, and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK GBL § 350
**(On Behalf of Plaintiff and the Class)**

64.    Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

65.    N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade, or commerce or in the furnishing of any service in this state is hereby declared unlawful.

66.    N.Y. Gen. Bus. Law § 350a(1)  provides, in part, as follows:

> The term 'false advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . .

67.    Defendants' labeling and advertisements contain untrue and materially misleading statements and omissions concerning the Products because Defendants failed to disclose that the Products contain harmful bacteria.

68.    Plaintiff and the Class Members have been damaged because they relied upon the labeling, packaging, and advertising and purchased Products that were mislabeled, unhealthy, and entirely worthless.  Accordingly, Plaintiff and the Class Members received less than that for which they bargained and paid.

69.    Defendants' advertising, packaging, and the Products' labeling induced Plaintiff and the Class Members to buy Defendants' Products.

70.     Defendants made untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

71.    Defendants' conduct constitutes multiple, separate violations of N.Y. Gen. Bus. Law § 350.

72.    Defendants made the material misrepresentations described in this Complaint in advertising and on the Products' packaging and labeling.

73.    Defendants' material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large.   Moreover, all consumers purchasing the

Products were and continue to be exposed to Defendants' material misrepresentations.

74.   As a result of Defendants' recurring, "unlawful" deceptive acts and practices, Plaintiff and the Class Members are entitled to monetary, statutory, compensatory, treble and punitive damages, restitution, and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Rule 23 of the Federal Rules of Civil Procedure;

(b) Actual and compensatory damages to Plaintiff and the Class;

(c) Punitive, statutory, and treble damages, as allowable by law, to Plaintiff and the Class;

(d) Awarding statutory damages of $50 per transaction, and treble damages for knowing and willful violations, pursuant to N.Y. GBL § 349;

(e) Awarding statutory damages of $500 per transaction pursuant to N.Y. GBL § 350;

(f) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys, experts, and reimbursement of Plaintiff's expenses; and

(g) Granting such other and further relief as the Court may deem just and proper.

Dated:  December 21, 2022                    SQUITIERI & FEARON, LLP

By: _____
          Stephen J. Fearon, Jr.
305 Broadway
7th Floor

New York, New York 10007
Telephone: (212) 421-6492
Facsimile: (212) 421-6553
Email: stephen@sfclasslaw.com

Attorneys for Plaintiff